

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHRISTINA VILLAVICENCIO

Plaintiff,

– against –

NEW YORK CITY DEPARTMENT OF
EDUCATION and ELIF GURE-PEREZ,

Defendants.

**MEMORANDUM & ORDER**

14-CV-0889

[related to 14-CV-0777
and 10-CV-5748]



**JACK B. WEINSTEIN**, Senior United States District Judge:

I.   **Introduction**

This case requires dismissal of some claims as abandoned for failure to brief them on a dispositive motion. It holds that service is proper in the present case based on adequate service in a related case, *Lovejoy v. Elif Gure-Perez*, No. 10-CV-5748.

Christina Villavicencio, a Latina female and former assistant principal of P.S. 316, sues the New York City Department of Education ("DOE") and Elif Gure-Perez, plaintiff's principal at the relevant times, for retaliation based on her race and in violation of her First Amendment right to free speech.

Defendants move to dismiss the complaint for improper service of process. *See* Fed. R. Civ. P. 12(b)(5). They also move to dismiss plaintiff's claims under New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 *et seq.*, asserting that these claims are time-barred and that plaintiff failed to file the requisite notice of claim.

Plaintiff cross-moves for an extension of time for service of process beyond 120 days and opposes the motion to dismiss. Since plaintiff does not address the NYCHRL claims, they are

1

deemed abandoned. *See deVere Grp. GmbH v. Op. Corp.*, 877 F. Supp. 2d 67, 70 n.3 (E.D.N.Y. 2012) (citing *Hanig v. Yorktown Cent. Sch. Dist.*, 384 F. Supp. 2d 710, 723 (S.D.N.Y. 2005) ("Because plaintiff did not address defendant's motion to dismiss with regard to this claim, it is deemed abandoned and is hereby dismissed.")).

Defendants' motion to dismiss the complaint on the ground of improper service is denied.

## II. Facts

On November 12, 2010, Carolyn Lovejoy, Elizabeth Butler, and Christina Villavicencio served a state court complaint for race- and age-based discrimination and retaliation. Defs.' Rule 56.1 Statement ¶ 1, No. 10-CV-5748, Dec. 24, 2013, ECF No. 31.

A notice of removal was served transferring the case to the United States District Court for the Eastern District of New York. Notice of Removal, No. 10-CV-5748, Dec. 10, 2010, ECF No. 1; Mem., No. 10-CV-5748, Dec. 17, 2010, ECF No. 2.

On January 31, 2014, Butler's and Villavicencio's claims were dismissed from 10-CV-5748. Summ J. Hr'g Tr. 4:17–18, Jan. 31, 2014. Based on oral rulings, the assumption of the parties was that the claims of Butler and of Villavicencio would be incorporated in separate actions without the need for further service. The court stated:

> If, within the next ten days, [Butler and Villavicencio] separately file[], . . . the[ir] [cases] will be treated as if they had been filed with Ms. Lovejoy's case. . . . You don't have to [file] separate complaints. Just file the same complaint in each one of them. . . . I don't want . . . extra paperwork . . . . I will address each case as if [it] were properly before me so [you] don't have to come in unnecessarily.

Summ J. Hr'g Tr. 4:17–5:12.

At the January hearing, the court considered defendants' motions for summary judgment regarding Lovejoy, Butler, and Villavicencio. Summ J. Hr'g Tr. 5:13–25:16 (Lovejoy); 25:17–38:2 (Butler); 38:3–45:15 (Villavicencio). It reserved decision on the summary judgment

2

motions with respect to Butler and Villavicencio. Summ J. Hr'g Tr. 47:2–3. The parties stipulated that the record taken on January 31, 2014 "will apply to all three cases." Summ J. Hr'g Tr. 45:16–21.

On February 10, 2014, Villavicencio filed her independent complaint. Decl. of K.C. Okoli dated September 8, 2014 ("Okoli Decl.") ¶ 6, No. 14-CV-0889, Sept. 8, 2014, ECF No. 11-1. No service was made. Okoli Decl. at ¶ 16.

Based on the discovery by Lovejoy, Butler, and Villavicencio, on February 18, 2014, the court heard arguments regarding the propriety of dismissing defendant DOE from the *Lovejoy* action. Summ J. Hr'g Tr. 8:10–10:8, Feb. 18, 2014. At the hearing, counsel for plaintiffs Lovejoy, Butler, and Villavicencio, conceded that *Monell* liability did not apply. Summ J. Hr'g Tr. 8:10–9:9. All 42 U.S.C. §§ 1983 and 1981 claims against defendant DOE in the Lovejoy action were dismissed on February 21, 2014. Order, No. 10-CV-5748, Feb. 21, 2014, ECF No. 68. After Lovejoy's trial, on March 6, 2014, the jury returned a $110,000 verdict. Minute Entry, No. 10-CV-5748, Mar. 6, 2014, ECF No. 80.

Defendants DOE and Gure-Perez, on April 25, 2014, filed a notice of appearance in the instant action, stating that they had not yet been served. Okoli Decl. at ¶¶ 9, 12. On July 16, 2014, at a conference before the magistrate judge, defendants contended that they had not been properly served. Okoli Decl. at ¶¶ 11–12.

### III. Fed. R. Civ. P. 12(b)(5) Standard

Rule 12(b)(5) authorizes dismissal of a complaint for insufficient service of process upon motion by a defendant made prior to the defendant's filing an answer. "In deciding a Rule 12(b)(5) motion, a court looks to materials outside of the pleadings in determining whether service of process has been insufficient. Moreover, once a defendant moves to dismiss under

3

Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." *Jordan v. Forfeiture Support Assoc.*, 928 F. Supp. 2d 588, 594 (E.D.N.Y. 2013) (citations omitted) (internal quotation marks omitted).

## IV. Law

Federal Rule of Civil Procedure 4(m) governs both (1) the dismissal of actions for untimely service of process and (2) extensions of the time in which service may be effected. *Zapata v. City of New York*, 502 F.3d 192, 195 (2d Cir. 2007).

Under Fed. R. Civ. P. 4(m):

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"Where . . . good cause is lacking, but [a] dismissal without prejudice in combination with the statute of limitations would result in a dismissal *with* prejudice," the court weighs the impact that a dismissal or extension would have on the parties. *Zapata*, 502 F.3d at 197 (emphasis in original).

## V. Application of Law to Facts

Service of the summons and the complaint were properly made. *See* Fed. R. Civ. P. 4(m). The parties were specifically instructed on January 31, 2014 that if plaintiff Villavicencio filed and docketed her case separately, her complaint "will be treated as [if] it had been filed with Ms. Lovejoy's." Summ J. Hr'g Tr. 4:17–5:12, Jan. 31, 2014. As instructed, plaintiff Villavicencio filed her case within ten days. Compl., No. 14-CV-0889, Feb. 10, 2014, ECF No. 1. This new complaint is treated as having been filed and served on both DOE and Gure-Perez on December 10, 2010, the date on which a service processor re-served the complaint and a

4

notice of removal transferring the case then containing the names of these plaintiffs—Butler, Villavicencio, and Lovejoy—from state court to the United States District Court for the Eastern District of New York. Notice of Removal, No. 10-CV-5748, Dec. 10, 2010, ECF No. 1.

## VI. Conclusion

Defendants' motion to dismiss the complaint on the ground of improper service is denied.

In accordance with the court's ruling in *Lovejoy* regarding the propriety of dismissing defendant DOE on the basis that no discovery was taken regarding *Monell* liability, all claims made by Villavicencio against defendant DOE are dismissed as abandoned. Summ J. Hr'g Tr. 9:5–8, Feb. 18, 2014. Defendant DOE will be removed from the caption of the case.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date: October 7, 2014
Brooklyn, New York

5